O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL LOPEZ, | ) | Case No. CV 14-06853 DDP (FFMx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| JAMES J. CHUNG; IL HOON CHUNG, | ) | |
| Defendants. | ) | [Dkt. 27] |

Presently before the Court is Plaintiff Daniel Lopez's Motion for Summary Judgment. Having considered the submissions of the parties and heard oral argument, the Court grants the motion and adopts the following Order.

**I.  Background**

Plaintiff is a paraplegic, and uses a wheelchair for mobility. (Declaration of Daniel Lopez in Support of Motion (Dkt. 27-5), ¶ 2.) In October 2013, Plaintiff went to Defendant's store, "Frank's Market" ("the market"), to buy drinks, but found there was no accessible entrance. (Decl. Lopez, ¶ 4-5.)  The entrance to the market had two steps, which were too high for Plaintiff to navigate

in his wheelchair. (Decl. Lopez, ¶ 4-5.; Declaration of Victor Garcia in Support of Motion (Dkt. 27-6) ¶ 4; Exhibit 4 in Support of Motion (Dkt. 27-7).) Plaintiff asked a person he believed to be the owner to assist him to get the drinks. (Decl. Lopez, ¶ 5-7.) The owner selected drinks in sizes larger than Plaintiff wanted and charged Plaintiff for unwanted items. (Id. at ¶ 7.) Plaintiff alleges that he has been deterred from visiting the market because it is not accessible to him. (Id., at ¶ 11.)

Plaintiff's complaint alleges causes of action under the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. 42 U.S.C. § 12182 (b)(2)(A)(iv); Cal. Civ. Code § 51 (f). Plaintiff now moves for summary judgment and seeks (1) an Order from the Court requiring Defendant to provide an accessible entrance to the market; and 2) judgment in favor of Plaintiff for statutory damages of $4,000, plus attorneys' fees.

**II. Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the

moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir.1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

Plaintiff argues that the lack of a wheelchair ramp at Defendant's market constitutes a barrier, and that Defendant's failure to remove that barrier violates Plaintiff's rights to full and equal access under the ADA and California's Unruh Civil Rights Act.

A failure to remove architectural barriers in existing public accommodation facilities is discriminatory if such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barrier removal is readily achievable when it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). If barrier removal is not readily achievable, the ADA specifies that the public accommodation must "make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods, if such methods are readily achievable." Id. § 12182(b)(2)(A)(v).

Plaintiff has submitted photographs of the market showing the two steps up from the sidewalk to the entrance to the market. (Mot., Ex. 4 (Dkt. 27-7).) Defendant does not dispute that the market had inaccessible steps on the date of Plaintiff's visit, nor that removal of that barrier was readily achievable. Indeed, Defendant's Response to Interrogatory #10, which Defendant attaches to his Opposition, but does not discuss, admits that the steps have since been replaced by a ramp.[1]

Defendant, proceeding pro se, instead argues that he has not received any notice from Plaintiff of the need to provide disabled

---

[1] Having heard oral argument, it is unclear to the court whether this is, in fact, the case.

4

1  access.  However, "ADA plaintiffs are not required to provide
2  pre-suit notice to defendants." <u>Skaff v. Meridien North America</u>
3  <u>Beverly Hills</u>, 506 F.3d 832, 845 (9th Cir. 2007).  The fact that
4  Plaintiff never informed Defendant of the alleged ADA violation,
5  therefore, is not a defense to Plaintiff's claim.
6      Defendant also argues that the market was built in the mid
7  19th century, and thus falls within the ADA's "Grandfather Clause."
8  Defendant has submitted a copy of a property report indicating that
9  the subject property was built in 1924.  (Opposition to Summary
10 Judgment, Ex. 1.)  "In enacting the ADA, Congress adopted two
11 distinct systems for regulating building accessibility: one to
12 apply to existing facilities (those designed and constructed for
13 occupancy before January 26, 1993) and another to apply to
14 later-constructed facilities. The grandfathered facilities must
15 remove barriers to accessibility only to the extent that such
16 removal is readily achievable."  <u>Long v. Coast Resorts, Inc.</u>, 267
17 F.3d 918, 923 (9th Cir. 2001) (citing 42 U.S.C. § 12183(a)(1) and
18 12182(b)(2)(A)(iv)) (internal citations omitted).  However, even
19 though Defendant has provided evidence that the market falls
20 withing the definition of "grandfathered facilities" under the ADA,
21 that fact alone has no bearing on whether the removal of the
22 entrance steps was readily achievable.  Because the only evidence
23 in the record indicates that the steps were removable without much
24 difficulty or expense, there is no triable issue regarding a safe
25 harbor under the ADA's grandfather clause.
26     Lastly, Defendant argues that Plaintiff is intentionally and
27 willfully filing a large amount of ADA claims for the purpose of
28 enrichment.  Even if true, Plaintiff's motivations are not relevant

5

to this matter. See, e.g. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007) ("[M]ost ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. District courts should not condemn such serial litigation as vexatious as a matter of course."). ]

**IV. Conclusion**

For the reasons stated above, on the record before the Court, no rational trier of fact could find for Defendant. Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: August 1, 2016

DEAN D. PREGERSON
United States District Judge